IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SANDRA F. FERGUSON<br>    Plaintiff | * | Civil Action No. |
| | * | |
| v. | | COMPLAINT |
| | * | |
| PALISADES COLLECTION, LLC<br>    Defendant | * | |

## INTRODUCTION

This is an action by a consumer seeking damages against a debt buyer for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

1. This court has original jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction over any related state claims under 28 U.S.C. § 1367. Venue is proper in this district in that a substantial part of the defendant's conduct complained of occurred here, 28 U.S.C. § 1391(b)(2).

## PARTIES

2. Plaintiff Sandra Ferguson is a natural person residing in Glade Hill, Virginia, and a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). She receives child support as her primary source of income.

3. Defendant Palisades Collection, LLC ("defendant collector") is a Delaware limited liability company regularly engaged in the business of collecting debts originally owed to others.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), in that it acquired the alleged debt in question after it was in default.

## FACTS OF THE CLAIM

5. Ms. Ferguson received letters from defendant collector attempting

1

collection of a debt that originated with First USA, but had been subsequently sold to Chase and finally to defendant collector.

6. The letters were dated April 29, 2009, June 29, 2009, and July 29, 2009. All letters referred to the same account number 4417129679524674 with a balance of $4,462.16.

7. Ms. Ferguson believes this account has not been used and has been in default for more than five years.

8. After receiving the July 29, 2009, letter, Ms. Ferguson retained counsel who sent a letter on August 12, 2009 (Attachment A) to defendant collector informing the debt collector that: Ms. Ferguson was represented by counsel; the debt collector was to cease all communication with Ms. Ferguson; Ms. Ferguson believed the debt to be time-barred by the statute of limitations; and Ms. Ferguson disputed the validity of the debt and requested verification to be supplied to her attorney.

9. Defendant collector received the certified letter on August 17, 2009 (return receipt is part of Attachment A).

10. Despite the request of her counsel, defendant collector sent Ms. Ferguson another collection letter dated September 14, 2009 (Attachment B) concerning the same alleged debt.

11. Defendant collector's letter of September 14 was sent to Ms. Ferguson notwithstanding that they were on notice she had an attorney.

12. Defendant collector's letter of September 14 was sent to Ms. Ferguson notwithstanding that they were on notice to cease communication with her.

13. Defendant collector's letter of September 14 was sent to Ms. Ferguson notwithstanding that they were on notice that the debt was time-barred.

14. Defendant collector never provided verification of the debt to Ms. Ferguson's attorney as requested.

15. Defendant collector, through its attorneys at Dominion Law Associates, thereafter sent Ms. Ferguson an additional collection letter of January 11, 2010 (Attachment C) which referred to the same account and threatened legal action against Ms. Ferguson.

16. The defendant collector's efforts, which violated the FDCPA as laid out in the claims that follow, have caused Ms. Ferguson severe anxiety, mental anguish, crying spells, comfort eating to the point of vomiting and loss of sleep. Additionally, Ms. Ferguson's blood pressure increased severely in the last half of 2009 through present day causing her doctor to prescribe medication to control it. During this same period of time, Ms. Ferguson also received a prescription for an anti-depressant.

## CLAIM – FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant collector violated Ms. Ferguson's rights under the FDCPA in that

   A. In violation of FDCPA 15 U.S.C. § 1692c(a)(2), defendant collector twice communicated directly with Ms. Ferguson after being notified that she was represented by an attorney.

   B. In violation of FDCPA 15 U.S.C. § 1692c(c), defendant collector twice continued communicating with Ms. Ferguson after she requested defendant collector to cease further communication.

   C. In violation of FDCPA 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692f, defendant collector threatened to file suit in collection of a time-barred debt.

   D. In violation of FDCPA 15 U.S.C. § 1692g(b), defendant collector twice failed to cease collection of the debt after receipt of Ms. Ferguson's dispute and request for debt verification.

   E. In violation of FDCPA 15 U.S.C. § 1692g(b), defendant collector failed to provide verification of the debt after such a request by Ms. Ferguson.

18. The defendant collector's actions to collect from Ms. Ferguson in violation of the FDCPA were knowing and persistent.

## DEMAND FOR RELIEF

WHEREFORE Ms. Ferguson demands judgment under FDCPA § 1692k(a) against the defendant for:

   A. actual damages of $10,000.

   B. additional statutory damages of $1000.

   C. costs of the action and a reasonable attorney fee, payable to the Legal

Aid Society of Roanoke Valley for application in its program of indigent representation.

### JURY DEMAND

Plaintiff demands trial by jury.

SANDRA FERGUSON by counsel

LEGAL AID SOCIETY OF ROANOKE VALLEY
Counsel for Plaintiff

by  *[signature]*
Henry L. Woodward VSB#13548
Emily Faye Jewett VSB#71110
132 Campbell Avenue SW Suite 200
Roanoke VA 24011-1206
(540) 344-2088, fax 342-3064
henry@lasrv.org